# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50730/50731

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: December 6, 2024 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| WILLIAM HENRY JORDAN, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and determinate term of ten years for failure to register as a sex offender in Docket No. 50730, <u>affirmed</u>; judgment of conviction and unified, consecutive term of ten years, with a minimum period of confinement of one and one-half years, for felony injury to a child in Docket No. 50731, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 50730, William Henry Jordan was found guilty of failure to register as a sex offender. Idaho Code § 18-8307. The district court sentenced Jordan to a determinate term of ten years. In Docket No. 50731, Jordan pled guilty to felony injury to a child. I.C. § 18-1501(1). The district court sentenced Jordan to a unified term of ten years, with a minimum period of confinement of one and one-half years. This sentence was ordered to be served consecutively to the sentence in Docket No. 50730. Jordan appeals, arguing that his sentences are excessive.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion. Therefore, Jordan's judgments of conviction and sentences are affirmed.